### NADENBOUSCH AND RIDDLE *vs.* SHARER AND MARTIN.

#### January Term, 1867.

1. A party obtaining a rule or order *nisi* for the opposite party to file his affidavit under the statute of February 28th, 1865, (in relation to suits by rebels) cannot thereby work a continuance, by delaying the motion until the time limited for the response of the opposite party would be subsequent to the time of hearing the cause on its merits.

2. The defense contemplated under that statute can be made at any time, just as any other plea or defense may be made, unless it be unreasonably delayed or good cause be shown against it.

The points made in this case, on the motion for a continuance, are stated in the opinion of the court with sufficient fullness to enable them to be understood.

*B. Stanton,* for defendants in error.

*C. J. Faulkner,* for plaintiffs in error.

BROWN, President, delivered the opinion of the court. This is a supersedeas to the circuit court of Berkeley county. The case was docketed at the last term and under the rule was not to be heard until the present term of this court. At an early day of this term and between one and two weeks before the case was regularly called on the docket for hearing, the defendants in error, by their counsel, moved the court for a rule or order *nisi*, dismissing the plaintiff's supersedeas, unless the plaintiffs in error within sixty days take and file the affidavits prescribed by the act of February 28th,

*See page 1.   Judge Loomis of the VI circuit was called to the bench.

1865, to prevent suits by rebels. And in support of said motion, the defendants in error, by their counsel, filed in the cause their affidavits, as required by said act, which order *nisi*, the court thereupon made, and required the same to be served upon the plaintiffs in error. And afterwards, during the same term, when the said cause was reached on the docket, the defendants in error insisted that the case should be continued, and that the said order *nisi* had the effect to produce that result, otherwise they could not have the benefit of the order or the answer of the plaintiffs in error in response to said order. But the continuance was opposed by the plaintiff in error, who objected on two grounds: 1st, That it was not competent to a party to work a continuance of the cause by delaying his motion for an order *nisi*, under the said statute, until the time prescribed for the answer would be subsequent to the time when the cause would be called in its turn on the docket. 2nd, That the application for the order *nisi*, and the whole defense contemplated under the statute was matter, not in bar, but in abatement of the action, and could not be taken advantage of unless pleaded in abatement, or at least the proceeding instituted at the first term the case came upon the docket.

Upon the first point of the case thus made, the court is of opinion that the proceeding aforesaid, under the statute aforesaid, was one which the defendants in error might avail themselves of or not as they chose, but, if they did they took the risk of its proving availing and could not thereby work a continuance, by delaying the motion until the time limited for the response of the other party would be subsequent to the time of hearing the cause on its merits.

And upon the second point thus made, the court is of opinion that the defense thus contemplated under the said statute may be made at any time, just as any other plea or defense might be made at any time, unless unreasonably delayed, or other cause should be shown against it.

The motion for a continuance, for the cause assigned, is therefore, overruled.

MOTION OVERRULED.